**Amended Complaint: Requesting Trial By Jury Demand. Amendment 1.8.14**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Retaliation / Deprived right to procedural Due process And Due Process 1.8.14

Civil Action No. 16-CV-02221-GPG
(To be supplied by the court)

A.D.A. ACT 42 U.S.C 12101 and 12213. And Section 1983

Edmond Walker, Plaintiff,

v.

Patrick Firman / et al,

City of Denver sheriff Dept,

Blaine,

Romero / Captain,

Simon,

Shuder,

Mozatti,

Gafford, Defendant(s).

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
JAN 20 2017
JEFFREY P. COLWELL
CLERK

(List each named defendant on a separate line.)

**PRISONER COMPLAINT**

The court has supplemental jurisdiction over plaintiff state law claims under 28 U.S.C. Section 1367 and

(Rev. 1/30/07)

The plaintiff's federal tort claims act claims are authorized by 28 U.S.C. Section 1346.

## A. PARTIES

1. Edmond Walker #402871 Denver Detention
   (Plaintiff's name, prisoner identification number, and complete mailing address)
   Facility P.O. Box 1108 Denver, Colorado 80201

2. City of Denver Detention Facility 490 W. Colfax
   (Name, title, and address of first defendant)
   Denver, Colorado

   At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? ✓ Yes ___ No (CHECK ONE). Briefly explain your answer:

   _____

   _____

3. Patrick Firman, Sheriff Denver Detention
   (Name, title, and address of second defendant)
   Facility 490 W. Colfax Denver, Colorado

   At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? ✓ Yes ___ No (CHECK ONE). Briefly explain your answer:

   At the time my rights were violated Firman was working under color of state law

4. Blaine, Sheriff Denver Detention Facility
   (Name, title, and address of third defendant)
   490 W. Colfax Denver, Colorado

   At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? ✓ Yes ___ No (CHECK ONE). Briefly explain your answer:

   At the time my rights were violated Blaine was working under color of state law

(If you are suing more than three defendants, use extra paper to provide the information requested above for each additional defendant. The information about additional defendants should be labeled "A. PARTIES.")

(Rev. 1/30/07)                          2

## A. PARTIES

PAGE 2 OF 3

5. Romero, CAPTAIN Denver Detention Facility
   490 W. Colfax Denver, Colorado

   At the time my rights were violated Romero was working under color of state law.

6. Simon, Sheriff Denver Detention Facility
   490 W. Colfax Denver, Colorado

   At the time my rights were violated Simon was working under color of state law.

7. Shuder, Sheriff Denver Detention Facility
   490 W. Colfax Denver, Colorado

   At the time my rights were violated Shuder was working under color of state law.

A. PARTIES　　　　PAGE 3 OF 3

8. MOZATTI, Sheriff Denver Detention Facility 490 W. Colfax Denver, Colorado

AT The Time my rights were violated Mozatti was working under color of State Law.

## B. JURISDICTION

1. I assert jurisdiction over my civil rights claim(s) pursuant to: (check one if applicable)

    ✓ 28 U.S.C. § 1343 and 42 U.S.C. § 1983 (state prisoners)

    ___ 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (federal prisoners)

2. I assert jurisdiction pursuant to the following additional or alternative statutes (if any):

    _____

    _____

## C. NATURE OF THE CASE

**BRIEFLY** state the background of your case. If more space is needed to describe the nature of the case, use extra paper to complete this section. The additional allegations regarding the nature of the case should be labeled "C. NATURE OF THE CASE."

I have been continously retaliated against By sheriff's for Filing lawsuits against the jail By being threaten put in Disciplenary segregation for no reason and was giving no due process at all and the list goes on and on.

PAGE 1 OF 4

## D. CAUSE OF ACTION

State concisely every claim that you wish to assert in this action. For each claim, specify the right that allegedly has been violated and state all supporting facts that you consider important, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific cases to support your claim(s). If additional space is needed to describe any claim or to assert more than three claims, use extra paper to continue that claim or to assert the additional claim(s). The additional pages regarding the cause of action should be labeled "D. CAUSE OF ACTION."

1. Claim One: <u>Deprived right to Procedural Due Process of law or any Process at all.</u>

WALKER is a Pretrial Detainee he is currently housed at Denver Detention Center

Supporting Facts: On <u>12-11-15</u> I was taken to disciplenary segregation by John Doe 1. And and John Doe 2. For 5 days without any Procedural Due Process or any process at all without my consent. Plaintiff was in Unit 2D-cell 101-6, on <u>1-11-16</u> I was taken to disciplenary segregation by John Doe 3. And John Doe 4. For 8 days without any procedural process or any process at all without plaintiff consent, I was in in 2D-201-6. On <u>1-19-16</u> I was taken back to disciplenary segregation by John Doe 5. And John Doe 6. For 7 days without any Procedural Due Process or any process at all without Plaintiff consent, I was in unit 2F-101-5. On <u>7-11-16</u> I was taken back to Disciplenary segregation By John Doe 7. And John Doe 8. For 45 days

(Rev. 1/30/07) without any, Procedural Due Process or any Process at all without my consent, I was in unit 2D-202-10. ↘

## D. CAUSE OF ACTION

Edmond Walker is a pretrial detainee housed in Denver Detention Center on 9-28-16 I was taken to disciplinary segregation by John Doe 9. And John Doe 10. And I am still in disciplinary segregation without any procedural due process or process at all, as of 1-12-17. Plaintiff is still in disciplinary segregation without any procedural due process or process at all. Furthermore. Patrick Firman is the sheriff who implements and creates customs and policies. I have also given Sheriff Patrick Firman notice of intent on my unconstitutional segregation and he deliberately with a indifference ignored my treatment. The unconstitutional segregation violated Plaintiff rights under Amendment 1 through 14 due process clause. See <u>Mitchell v. Dupnik, 75 F.3d 517, 524 (9th Cir 1996.)</u> Each time Plaintiff was taken to disciplinary segregation he was put in cells with feces on the walls the cell smell strong of urine and was denied any cleaning supplies. For the entire segregation in these cells. And furthermore each time I was taken to disciplinary segregation Plaintiff has asked why and each Defendant has said it came from their supervisor and that as long as I filed suits I will be in disciplinary segregation, and supervisors have done so. And the facts is there is no record at all of Plaintiff having a disciplinary hearing of any of the 6 times Plaintiff was in disciplinary segregation. Cannot appeal, or call witness or provide evidence and testimony access to the courts.

## D. Cause of Action
## Supervisor Liability

As a 1983 Plaintiff I must show that the alleged deprivation was committed by a person acting under color of state law. The supervisors directly ordered their subordinates to violate the Plaintiff rights, by deliberately creating a policy that denies Walker Due Process or utilizing an already-existing policy that has the same affect. See Hernandez v. Keane, 341 F.3d 137, 145 (2d Cir 2003) A supervisor may cause violations when he or she has actual knowledge of past constitutional violations being carried out by subordinates and does nothing to stop future occurrence's. See Hernandez 341 F.3d at 145 Patrick Firman Deliberately refuse to act after Plaintiff gave Firman notice of unconstitutional acts. Supervisor Liability can result from failure to act on information indicating that unconstitutional acts were occurring. See Chavez v. Ill State Police, 251 F.3d 612, 651 (7th Cir 2001.) Because of the deliberate unconstitutional violations Plaintiff is suffering from severe intentional infliction of emotional distress, and is on a list waiting on treatment. Plaintiff is a Pre-Trial Detainee The unconstitutional violations occured at the Denver Detention Center in Denver. Co.

MERITORIOUS FACTS:

1. PLAINTIFF DENIED RIGHT TO HEARING 6 TIMES.

2. PLAINTIFF DENIED RIGHT TO A COPY OF HEARING.

3. PLAINTIFF DENIED RIGHT TO APPEAL.

4. PLAINTIFF DENIED RIGHT TO CALL WITNESSES.

5. PLAINTIFF DENIED RIGHT TO PRESENT EVIDENCE ON HIS BEHALF.

These VIOLATIONS, VIOLATED PLAINTIFF CONSTITUTIONAL RIGHTS, 1, 14 DUE PROCESS CLAUSE.

A FUNDAMENTAL RIGHT OR LIBERTY INTEREST IS ONE THAT IS DEEPLY ROOTED IN OUR NATION'S HISTORY AND TRADITION AND IMPLICIT IN THE CONCEPT OF ORDERED LIBERTY; SEE CHAVEZ V. MARTINEZ 538 U.S. 760, 775, 123 SCT 1994.) WITHOUT THESE RIGHTS NEITHER LIBERTY NOR JUSTICE WOULD EXIST.
The PLAINTIFF has A LIBERTY INTEREST IN BEING IN GENERAL POPULATION WHERE THERE'S MORE PRIVILEDGES AND IT WAS DEPRIVED UNDER THE CONSTITUTIONAL BY THE EACH DEFENDANT.

4. Claim 4 Slander Prosecutorial misconduct / malicious unfair Prosecution

SUPPORTING FACTS:

On or around July 6 2015 in Denver Plaintiff was arrested for drug sales. When the plaintiff was searched, their was no drugs or marked money or money found at all, but I was charged anyway. At a motions hearing when Judge Whitney was going to dismissed the charge District Attorney Joshua Nathaniel produce a fraudulent and fabricated sheet of money with 6-20 dollar bills on it to keep plaintiff incarcerated for over 3 month's, which was malicious and unfair prosecution, as well as prosecutorial misconduct. And this violated Plaintiff United States Constitutional rights to fair and impartial proceeding's. Because Plaintiff was forced to take a plea-bargain to get out of jail.

On or around Nov. 4 Plaintiff was arrested in Denver for a allegedly buglary District Attorney Joshua Nathaniel was the same D.A. who was on my last cases, once again Walker had a chance of getting his case dismissed at a motions hearing when the D.A told the judge not to let me out because I was a child molester and I molested 2 twelve year old girls and that he hated Walker's nigger ass

4. claim 4

PAge 2 oF 2

And That he was going to see Walker hang, and Those statements, slandered my name. And This is Prosecutorial misconduct and unfair Prosecution That violates Walker's rights under the united states Constitution Because Walker has never had a child molestation charge ever, Those False statements caused Walker emotional Distress And Deliberate Infliction of Emotional Distress, on 12-19-16 Walker File A Complaint To The Colorado Attorney regulation Counsel. on 12-23-16 Walker filed A complaint To The Attorney General's office. And my complaints has Been ignored.

2. Claim Two: <u>RETALIATION USON PUNISHMENT</u>

Supporting Facts:

ON 12-11-15 I WAS TAKEN TO DISCIPLENARY SEGREGATION BY DENVER SHERIFF'S FROM GENERAL POPULATION FOR FILING LAWSUITS AGAINST THE JAIL THIS HAS BEEN CONTINOUS JOHN DOE 1 AND JOHN DOE 2 HAS TOLD ME THAT. WHILE IN THE HOLE EACH TIME I WAS SERVED COLD KOSHER DINNERS ON NUMEROUS OCCASSION, MY TIME OUT MY CELL HAS BEEN MISSED NUMEROUS TIMES. I HAVE BEEN DENIED THE LAW LIBRARY AND LEGAL SUPPLIES. I WAS PUT INTO DISCIPLENARY SEGREGATION SOLELY TO PUNISH ME FOR FILING A LAWSUIT. SEE'S CLEGGETT V. PATE, 229 F. SUPP. 818 (N.D. III. 1964) FURTHER MORE ON OR AROUND JUNE 13, 2013 I WAS ASSAULTED BY SHERIFF BLAINE BECAUSE ME AND HIM WAS ARGUING AFTER SHERIFF BLAINE ASSAULTED ME MY BACK WAS HURT I ASK FOR MEDICAL ATTENTION HE DENIED IT AND LOCKED ME IN MY CELL FOR 5 DAYS THERE WAS A ALLEGEDLY CRIMINAL INVESTIGATION BY THEIR OWN. ON OR AROUND AUG. II, 2016 SHERIFF BLAINE CAME BY MY CELL 2D-210 AND TOLD ME I WAS ON LOCKDOWN FOR FILING A LAWSUIT AGAINST THE JAIL AND FOR FILING A COMPLAINST AGAINST HIM IN 2013. THIS LOCKDOWN LASTED FOR 6 DAYS, A FEW DAYS LATER HE CAME TO MY CELL AND STATED TO ME THAT IF I CONTINUED MY LAWSUIT HE WOULD KILL ME. THE ACTIONS BY DEFENDANT BLAINE CAUSED SEVERE EMOTIONAL DISTRESS. THIS VIOLATED MY RIGHTS UNDER AMEND. CONST 1, & 14.

(Rev. 1/30/07)   5

2.

## CLAIM TWO

On 9-26-16 Captain Romero came by my cell located in 2-J he stated that if I contine my lawsuit I would be assaulted by other inmates, A few day's later I was assaulted by another inmate This violated my rights under Amend. Const. 1,8,14. On 9-29-16 Sheriff Simon came by my cell in 2D-105 and bang on my cell door with hard object and told me if I continue my suit he was going to bang on my door every day on 9-30-16 Simon bang on door again with hard object, on 9-31-16 Sheriff Simon again banging on door with hard object. This violated under Amsnd. Const 1,8,14. On 11-17-16 Sheriff Shoder came to unit 2F where Walker is housed and came to Walker's cell and told Walker that he Shoder destroyed all my personal property in retaliation for Walker filing a complaint to internal affairs in the past. It is documented that I had personal property in a storage room but now it's gone, and know one know's where. This violated my rights under Amend. Const 1,8,14. On 1-15-17 Sheriff Mozelli came by my cell and unit 2F-202-2 and told me that if I continue to pursue being a witness against him on another case, and if I continue this lawsuit against the

2.
CLAIM TWO

Jail that he Mozatti was going to hang my nigger ass from a tree until I'm dead. This same Sheriff has been continously locking me down in my cell and feeding me cold kosher dinners. On the morning of 1-18-17 Sheriff Mozatti came by my cell and told me that if I tried to get witnesses against him he would punish me and my witnesses and ask me if I was filing a complaint against him I told me yes. 20 minutes after he left a Sheriff came by and told me I was moving to a more restricted area. I am now in 2D away from my witnesses and restricted me from law library. I am in a far more restricted area due to

3. Claim Three: <u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>

   Supporting Facts:

## E. PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated? ✓ Yes ___ No (CHECK ONE). If your answer is "Yes," complete this section of the form. If you have filed more than one lawsuit in the past, use extra paper to provide the necessary information for each additional lawsuit. The information about additional lawsuits should be labeled "E. PREVIOUS LAWSUITS."

1. Name(s) of defendant(s) in prior lawsuit: **Crum / Rodgers**

2. Docket number and court name: **15-CV-01915-RBJ-MEH**

3. Claims raised in prior lawsuit: **Denied Adequate Medical Treatment**

4. Disposition of prior lawsuit (for example, is the prior lawsuit still pending? Was it dismissed?): **Pending**

5. If the prior lawsuit was dismissed, when was it dismissed and why?

6. Result(s) of any appeal in the prior lawsuit: **Appeal Pending**

## F. ADMINISTRATIVE RELIEF

1. Is there a formal grievance procedure at the institution in which you are confined?
   ✓ Yes ___ No (CHECK ONE).

2. Did you exhaust available administrative remedies? ✓ Yes ___ No (CHECK ONE).

(Rev. 1/30/07)                                                                 7

## G. REQUEST FOR RELIEF

State the relief you are requesting. If you need more space to complete this section, use extra paper. The additional requests for relief should be labeled "G. REQUEST FOR RELIEF."

I AM SUEING All NAME DEFENDANTS IN THEIR OFFICIAL CAPACITY. ALL DEFENDANTS ACTED UNDER COLOR OF STATE LAW

I AM SUEING ALL NAME DEFENDANTS IN THEIR INDIVIDUAL CAPACITY. ALL DEFENDANTS ACTED UNDER COLOR OF STATE LAW

I AM SUEING EACH DEFENDANT INDIVIDUALLY FOR $100,000 MONETARY DAMAGES AND COMPENSATORY DAMAGES

I AM SUING EACH DEFENDANT INDIVIDUALLY FOR DECLARATORY DAMAGES AND PUNITIVE DAMAGES AND INJUNCTIVE RELIEF AS WELL AS PROSPECTIVE INJUNCTIVE RELIEF

### DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed on   1-15-17
              (Date)

_____
(Prisoner's Original Signature)

In The United States District Court
For The District of Colorado

Edmond Walker
v.
Patrick Firman
City of Denver Sheriff Dept
Blaine
Romero
Simon
Shuder
Mozatti

16-CV-02221-GPG

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 20 2017

JEFFREY P. COLWELL
CLERK

Declaration under Penalty of Perjury Pursuant U.S.C 1746.

I Edmond Walker Declare That The Attached Amended Complaint 16-CV-02221-GPG under Penalty of Perjury is True And Correct.

*[signature]*
Colorado
1-18-17



Edmond Walker #140871
Denver Sheriff Dept
P.O. Box 1108
Denver, Colorado 80261

11-18-17

LEGAL MAIL

Office of The Clerk
United States District Court
901-19th St, Room A-105
Denver, Colorado 80294

Confidential