IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 16-cv-02221-RBJ-MEH

EDMOND WALKER,

    Plaintiff,

v.

PATRICK FIRMAN,
CITY AND COUNTY OF DENVER SHERIFF DEPT,
ROMERO,
BLAINE,
SIMON,
SHUDER,
NATHANIEL, and
MOZATTI,

    Defendants.

---

ORDER on Motion to Dismiss and Other Pending Matters

---

This matter is before the Court on defendants' motion to dismiss or for summary judgment and the recommendation of United States Magistrate Judge Michael E. Hegarty that the motion should be treated as a motion for summary judgment and, for the most part, granted. For the reasons discussed in this order, the recommendation is accepted, and all but one of the plaintiff's claims are dismissed. The Court also addresses miscellaneous pending motions filed by the plaintiff.

BACKGROUND

Edmond Walker, an inmate in the Denver Detention Center, filed this lawsuit on September 1, 2016. His Complaint was reviewed by United States Magistrate Judge Gordon P.

Gallagher who granted leave to file *in forma pauperis,* denied Mr. Walker's motion for appointment of counsel, and directed him to file an amended complaint. ECF Nos. 18, 19.

Various other motions were reviewed either by Magistrate Judge Gallagher or District Judge Lewis T. Babcock, including a motion for an emergency injunction, which was denied. *See* ECF Nos. 20-23. Mr. Walker filed an Amended Complaint, but after reviewing it Magistrate Judge Gallagher directed him to file another amended complaint. ECF Nos. 27, 31. After moving unsuccessfully for reconsideration of the latter order, Mr. Walker filed his Second Amended Complaint filed on April 17, 2017. It is the operative complaint in the case.

In the Second Amended Complaint Mr. Walker asserts a variety of complaints against the Denver Sheriff, Patrick Firman; and against six other Denver Sheriff's officers; and against the Denver Sheriff's Department. ECF No. 37. Briefly, he claimed that he had been retaliated against, including disciplinary segregation and other punishments, for filing grievances and lawsuits. He asserted claims of violation of procedural due process, retaliation and common law slander and malicious prosecution. He demanded damages of $500,000 against each defendant individually and injunctive relief. *Id.* at 15.

On May 1, 2017 Judge Babcock dismissed several of Mr. Walker's claims as legally frivolous. ECF No. 41. The remaining claims were assigned to me and Magistrate Judge Hegarty. *Id.* On August 3, 2017 the defendants filed a motion asking the Court either to partially dismiss the second amended complaint under Rule 12(b)(6) or to convert the motion to a motion for summary judgment and dismiss it in its entirety under Rule 56. ECF No. 61. The Rule 12(b)(6) motion is grounded in part in the doctrine of qualified immunity. The alternative motion for summary judgment asserts Mr. Walker's failure to satisfy the prerequisite of

exhaustion of administrative remedies. ECF No. 61. It was supported by the affidavit of Major Bryan Moore. ECF No. 61-1.

On August 7, 2017 the Court referred the motion to United States Magistrate Judge Michael E. Hegarty for a recommendation. ECF No. 64. In a hearing held by Magistrate Judge Hegarty on August 10, 2017, in which Mr. Walker participated by telephone, Mr. Walker was ordered to file his response to defendants' motion to partially dismiss or for summary judgment by August 28, 2017. *See* Minute Order, ECF No. 67. In response Mr. Walker filed an affidavit, ECF No. 69, in which he largely repeats the allegations contained in his Second Amended Complaint; another motion for appointment of counsel, ECF No. 70; and what he labels as a motion to deny defendants' motion. ECF No. 72. In the latter document Mr. Walker argues that he is not required to show in his complaint that he has exhausted his administrative remedies; that the defendants must prove failure to exhaust as an affirmative defense; and that an inmate is excused from filing grievances if the defendants threaten him with sanctions for doing so. *Id.* at 1-2.

The defendants filed a reply in which they argue that the PLRA precludes any recovery of compensatory damages since there has been no showing of a physical injury; that the defendants are entitled to qualified immunity; that Mr. Walker's conclusory allegations do not establish a plausible claim of supervisory liability against Sheriff Firman; and that Mr. Walker's claim that he was unable to utilize the grievance system after he was threatened with physical harm if he did so is belied by the fact that after the alleged threats Mr. Walker continued actively to file grievances. ECF No. 75. The latter point was supported by another affidavit from Major Moore. ECF No. 75-1.

On October 17, 2017 Magistrate Judge Hegarty issued a 21-page recommendation concerning the claims not dismissed by Judge Babcock. ECF No. 90. He recommended that this Court should convert the Rule 12(b)(6) motion to a motion for summary judgment and determine that (1) incidents occurring prior to September 1, 2014 are barred by the statute of limitations; (2) the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), requires prisoners to exhaust all available administrative remedies before bringing suit; (3) Mr. Walker failed fully to exhaust his administrative remedies as to all but one due process claim and one retaliation claim; (4) the one remaining due process claim lacks merit because Mr. Walker did not sufficiently plead deprivation of a liberty interest; and (5) the one remaining first amendment retaliation claim which was based on the allegation that Deputy Mozatti threatened disciplinary segregation and death if Mr. Walker continued to file grievances would not be dismissed but would be limited to nominal damages and declaratory or injunctive relief because Mr. Walker had not alleged a physical injury. ECF No. 90 at 7-20. Magistrate Judge Hegarty's recommendation also advised the parties that they could file written objections within 14 days after service of the recommendation. *Id.* at 21n.6.

Mr. Walker timely filed objections on November 2, 2017. ECF No. 96. The defendants did not file objections. Mr. Walker later filed (again) motions "to proceed and to act," and for the appointment of counsel, and for injunctive relief. ECF Nos. 97-99. On November 30, 2017 Mr. Walker filed another objection to the recommendation. ECF No. 100. The second objection was not timely.

## STANDARD OF REVIEW

"The district judge must review de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "In the absence of timely

4

objection, the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah,* 927 F.2d 1165, 1167 (10th Cir. 1991). When a case involves a *pro se* party the court will "review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007). *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, pro se parties must "follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (citing *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)).[1]

## ANALYSIS

**I. MOTION TO DISMISS OR FOR SUMMARY JUDGMENT.**

To begin, I conclude that Mr. Walker did not object "properly" to any part of Magistrate Judge Hegarty's recommendation. Specifically,

- He did not object to the recommendation that the motion to dismiss be converted to a motion for summary judgment. (I would not, however, expect most pro se litigants to understand the difference).

- He did not object to the recommendation that claims arising from incidents predating September 1, 2014 should be deemed to be barred by the statute of limitations.

- He objects to Magistrate Judge Hegarty's finding that he did not exhaust his administrative remedies with respect to his complaints against Captain Romero. However, his objection is just a conclusory allegation that he did exhaust his remedies.

---

[1] Mr. Walker has filed several lawsuits in this district. *See Walker v. Stark,* No. 11-cv-1676-LTB (suit against Denver Police Department; dismissed as frivolous on July 20, 2011); *Walker v. Stark,* No 11-cv-2314-LTB (dismissed as frivolous or malicious on December 9, 2011); *Walker v. Crum,* No. 15-cv-0915-RBJ-MEH (suit against physician at Denver jail, dismissed on motion for summary judgment on August 26, 2016, *affirmed* on March 1, 2017); the present case; and *Walker v. Nathaniel,* No. 17-cv-02586-GPG (suit against a deputy district attorney, filed October 27, 2017 and presently pending). As such he should have somewhat more familiarity with the procedural requirements that first time litigants.

*See* ECF No. 96 at 1-2. He provides no evidence to counter the Declaration of Major Moore to the contrary. *See* ECF No. 61-1 at 4, ¶¶10(a) and (d). The copies of grievances he attached to his objection likewise do not show that he exhausted all three steps of the process. *See* ECF No. 96 at 2, 3.

- He argues that qualified immunity should not be granted to Captain Romero. However, Magistrate Judge Hegarty did not recommend application of qualified immunity in favor of Captain Romero or any other defendant. On the contrary, he recommends that this Court find that Deputy Mozatti is <u>not</u> entitled qualified immunity. ECF No. 90 at 19.

- He asserts that (Division) Chief White has refused to respond to his grievances. I construe the objection as an assertion that he was excused from exhausting by the failure of the Division Chief, who is the reviewer at Step Two of the process, to act.[2] However, Mr. Walker does not identify any specific grievance that he appealed to the Division Chief as to which he did not receive a response, nor does he provide any supporting evidence. Magistrate Judge Hegarty relied on the declaration of Major Moore that Mr. Walker did file several grievances concerning placement in segregation, but as to most of those he either did not appeal to the Division Chief (Step Two) or he did not appeal to the Sheriff (Step Three). *Id.* at 3-4, ¶¶11-14.

- Mr. Walker does not show that he did exhaust his administrative remedies as to any complaint of a due process violation or retaliation other than the two identified by Magistrate Judge Hegarty.

---

[2] Step One is the filing of the grievance. If the inmate is not satisfied with the response to his grievance at Step One, he can appeal to the Division Chief. The Division Chief must provide a written and dated response within 10 working days. If the inmate is not satisfied with the response at Step Two, he can submit a personal letter to the Sheriff. That is the final step of the three-step process. Moore Declaration, ECF No 61-1, at 2, ¶¶6-8. Unless the inmate has been prevented by the defendants from completing all three steps, he has not exhausted his administrative remedies.

- Mr. Walker does not object to Magistrate Judge Hegarty's finding that as to the one due process violation that was exhausted, Mr. Walker's Second Amended Complaint fails to state a due process claim as a matter of law.
- Mr. Walker does not object to Magistrate Judge Hegarty's finding that as to the one retaliation claim that was exhausted, his remedy cannot include any compensatory damages and is limited to nominal damages and declaratory or injunctive relief.

In short, Mr. Walker's objection did not address most of what Magistrate Judge Hegarty found and recommended. The objections he did express were conclusory and not supported by any evidence that would establish a genuine dispute as to a material fact that would be inappropriate for summary judgment. As such, I conclude that he did not properly object to the recommendation, and accordingly, the de novo review standard does not apply.

But even if it did, the result would be the same. I have reviewed the Second Amended Complaint, the motion, the "response," the reply, the recommendation, and the timely-filed objection. I conclude that the findings and the analysis in the recommendation were thorough, thoughtful, well supported, and correct. Therefore, I accept and adopt the recommendation.

I add, of course, that neither Magistrate Judge Hegarty nor this Court expresses any opinion about the merit of Mr. Walker's complaints against Deputy Mozatti. The Court only determines that he has exhausted his administrative remedies and may proceed with that sole complaint. Even there, however, I find no error in Magistrate Judge Hegarty's recommendation that Mr. Walker's remedy is limited. He cannot recover compensatory damages. In theory he could recover nominal damages ($1.00), punitive damages and declaratory or injunctive relief.

## II. OTHER PENDING MOTIONS.

Mr. Walker is prolific in his filing of motions, as is evident from the number of entries in the electronic file. However, for the most part his motions have been denied, and the lack of merit in them undermines his credibility. Currently pending are the following:

A. <u>Motion to Deny all Named Defendants Qualified Immunity and Get Money Damages, ECF No. 92.</u> As discussed above, the qualified immunity doctrine has not been applied in favor of any defendant. Compensatory damages are not available under the PLRA. The motion denied.

B. <u>Motion to Proceed and to Act, ECF No. 97</u>. Mr. Walker has filed motions under this or similar titles previously. This one says he wants to proceed against defendants Romero and Shuder. For the reasons discussed by Magistrate Judge Hegarty, the motion is denied.

C. <u>Motion to Appoint Temporary Counsel, ECF No. 98</u>. This is his fifth motion for appointment of counsel, and like the predecessors, it is denied. In contrast with criminal cases, there is no provision for government-paid counsel in civil cases. The Court maintains a list of qualified lawyers who occasionally volunteer to take civil cases without charge. However, these resources are limited, and the Court attempts to find volunteer lawyers only where there appears to be potential merit to a pro se complaint that warrants it. Mr. Walker has, unfortunately, developed something of a track record for filing legally frivolous cases and frivolous motions. Even in the present case large parts of his Second Amended Complaint were dismissed as legally frivolous, and nearly all of the remainder has been reviewed by a magistrate judge and a district judge and found to be lacking in merit. In the circumstances, the Court declines to solicit the services of a volunteer lawyer in this case.

D.  Motion for an Order to Show Cause for an [sic] Preliminary Injunction and a Temporary Restraining Order, ECF No. 99.  Mr. Walker asks the Court preliminarily to restrain all the named defendants from unlawful disciplinary segregation, making false responses (to his grievances?), and inciting violence.  Essentially, he asks the Court to restrain the defendants from violating the law.  Of course they are required to comply with the law.  In any event, only one defendant remains, Deputy Mozatti.  Mr. Walker has not shown that he will suffer irreparable harm if preliminary injunctive relief is not granted, that is, that between the present date and a future trial, Deputy Mozatti is likely to continue to punish him for filing grievances by imposing disciplinary segregation or death threats.  By the phrase "continue to punish him" I do not mean to find or imply that Deputy Mozatti has done this in the past; that is the merits of the claim, and I express no opinion on it.

**ORDER**

1. The Recommendation of Magistrate Judge Hegarty, ECF No. 90, is ACCEPTED AND ADOPTED.

2. Accordingly, defendants motion to dismiss or for summary judgment, ECF No. 61, is GRANTED IN PART AND DENIED IN PART.  The Court enters summary judgment dismissing all claims arising from incidents predating September 1, 2014 with prejudice and dismissing all remaining claims without prejudice for failure to exhaust administrative remedies except the retaliation claim against Deputy Mozatti.  However, the latter claim is limited to claims that disciplinary segregation and death threats were used to retaliate for Mr. Walker's exercise of his First Amendment right to file grievances, and if he can establish the claim, his remedy is limited to nominal damages of $1.00, punitive damages, and declaratory and injunctive relief.

3. Plaintiff's motions at ECF Nos. 92, 97, 98 and 99 are all DENIED.

4. If the parties continue to be serious about a trial, notwithstanding what little is left of the case, i.e., if there is no alternative to a trial to resolve the remaining issues, then the parties are directed to contact Chambers within fourteen days to set the case for trial.

DATED this 13th day of December, 2017.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge